UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:25-cv-07893-JLS-BFM                                         Date: September 10, 2025
Title:  Nadar Nadari v. Pamela Bondi et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:  (IN CHAMBERS)  ORDER ENTERING PRELIMINARY INJUNCTION AS TO RESPONDENTS PAMELA BONDI, KRISTI NOEM, U.S. DEPARTMENT OF HOMELAND SECURITY, AND ERNESTO SANTACRUZ, JR.**

On August 30, 2025, the Court issued a Temporary Restraining Order and Order to Show Cause as to Why a Preliminary Injunction Should Not Issue.  (TRO, Doc. 8.)[1] On September 9, 2025, the Court held a hearing on the Order to Show Cause ("OSC"). Petitioner Nadar Nadari and Respondents Pamela Bondi, Kristi Noem, U.S. Department of Homeland Security, and Ernesto Santacruz, Jr., appeared at oral argument.  The parties did not submit additional briefing after the issuance of the TRO, and at oral argument, Respondents did not offer additional arguments opposing a preliminary injunction beyond those advanced in opposition to the TRO.

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  In issuing the TRO, the Court found that Petitioner made a sufficient showing under each of the *Winter* factors with regards to

---

[1] On September 3, 2025, the Court issued an Amended Temporary Restraining Order. (Doc. 9.)  The Amended TRO changed only a mistaken date within the TRO.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:25-cv-07893-JLS-BFM | Date: September 10, 2025 |
| Title:  Nadar Nadari v. Pamela Bondi et al | |

Petitioner's potential third country removal without proper notice and opportunity to be heard.  (*See generally* TRO; *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).)  The Court sees no reason to depart from its previous analysis and incorporates that analysis herein.  The Court therefore preliminarily ENJOINS Respondents from removing Petitioner to a third country without proper notice and opportunity to be heard.  Specifically, Respondents stated at oral argument, and Petitioner agreed, that ten days' notice prior to any third country removal was appropriate.  Accordingly, the Court ORDERS as follows:

1. Respondents, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Respondents shall not remove Petitioner to a third country, *i.e.*, a country other than the country designated as the country of removal in Petitioner's final order of removal (Iran), without written notice of the third country to which Petitioner may be removed provided to Petitioner and his counsel in a language the Petitioner can understand.  Following notice, Petitioner must be given a meaningful opportunity to raise a fear-based claim for withholding of removal or protection under the Convention Against Torture prior to removal.  If Petitioner demonstrates "reasonable fear" of removal to the third country, Respondents must move to reopen Petitioner's removal proceedings.  If Petitioner is not found to have demonstrated a "reasonable fear" of removal to the third country, Respondents must provide a meaningful opportunity, and a minimum of fifteen (15) days, for Petitioner to seek reopening of his immigration proceedings.[2]

---

[2] *See, e.g., Vaskanyan v. Janecka,* 2025 WL 2014208 at *9 (C.D. Cal. June 25, 2025); *D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F. Supp. 3d 355, 393 (D. Mass. 2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-07893-JLS-BFM                                      Date: September 10, 2025
Title:  Nadar Nadari v. Pamela Bondi et al

2. This Preliminary Injunction shall take effect immediately and shall remain in effect pending resolution of the merits of this case or further order of this Court.

3. The Court exercises its discretion to waive the requirement to post a bond.

Initials of Deputy Clerk: kd